RENDERED: JULY 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0807-MR

TRENT KELLY LACER[1]                                                    APPELLANT

v.
                    APPEAL FROM HENDERSON CIRCUIT COURT
                    HONORABLE KAREN LYNN WILSON, JUDGE
                    ACTION NO. 17-CR-00276

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND L. JONES, JUDGES.

JONES, L., JUDGE:  Appellant, Trent K. Lacer (Lacer), appeals the denial of his

motion for relief pursuant to CR[2] 60.02 requesting that the order revoking his

---

[1] Appellant was indicted under the name Trent K. Lacer.  His Motion to Enter a Guilty Plea states that his full name is Trent Kerry Lacer.  The Notice of Appeal sets forth Appellant's name as Trent Kelly Lacer.  For clarification and continuity, we shall refer to Appellant herein as he was indicted: Trent K. Lacer.

[2] Kentucky Rule of Civil Procedure.

probation be vacated, corrected, or amended. Lacer contends the trial court lacked jurisdiction to revoke his probation, making the revocation an illegal sentence, and the denial of his motion for relief an abuse of discretion. We disagree and affirm the trial court's order.

## BACKGROUND

Lacer pled guilty to First Degree Trafficking in a Controlled Substance in an amount greater than or equal to two grams of methamphetamine on September 25, 2017. Lacer was sentenced to seven years' imprisonment in accordance with the terms of his plea agreement. On November 16, 2017, Lacer was granted shock probation for a period of five years.

On August 23, 2022, the trial court entered a warrant for Lacer's arrest based on allegations that Lacer had violated the terms of his probation. This warrant was not served on Lacer until June 21, 2023. On July 3, 2023, Lacer made his first court appearance following his arrest for probation violation. As the five-year term of Lacer's probation had expired before he was located and served with the violation warrant, the trial court, on the oral motion of the Commonwealth and in the presence of Lacer and his attorney, extended Lacer's probation until the pending violation allegations could be resolved.[3] A written order reflecting the

---

[3] Video Record (VR) at July 3, 2023, 8:23:09–8:23:30.

extension was signed that same day though it was not entered by the clerks until July 11, 2023.[4]

On October 9, 2023, Lacer again appeared before the circuit court. On that day he pled guilty to charges in two new felony cases and admitted to violating the terms of his probation in Henderson Circuit Court Case Number 17-CR-00276. The circuit court subsequently found a violation had occurred and revoked Lacer's probation. A written order reflecting the revocation was signed that same day and entered on October 11, 2023.[5]

On or about May 29, 2024, Lacer, acting *pro se*, mailed the circuit court an unsigned copy of a motion to vacate, correct, or amend sentence pursuant to CR 60.02(e), (f).[6] In his motion, Lacer alleged that his revocation constituted an "illegal sentence" and that the circuit court "had not taken any of the necessary and available step(s) of issuing an order to extend [Lacer's] probation [in 17-CR-00276]." Lacer argued that a defendant's probation can only be extended beyond five years for the purpose of collecting restitution. Because Lacer did not owe restitution, he, therefore, concluded his probation had expired five years after his sentence was suspended by order of the circuit court entered November 16, 2022.

---

[4] Record (R) at 73.

[5] R at 79–80.

[6] R at 92–104.

-3-

The circuit court entered an order denying Lacer's motion.[7] In the order, the court explained the tolling of Lacer's probation that occurred when a warrant for his arrest for probation violation was issued prior to the expiration of his term of probation. The court also explained that Lacer's period of probation was lawfully extended by entry of the court's order of extension at his first court appearance following his arrest on the violation warrant. This appeal followed.

STANDARD OF REVIEW

An appellate court reviews the denial of a motion to vacate sentence pursuant to CR 60.02 under the abuse of discretion standard. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citing 5 AM. JUR. 2D *Appellate Review* § 695 (1995)). Therefore, the appellate court shall affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

To succeed in a CR 60.02 proceeding, the movant must "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen v. Commonwealth*, 948

---

[7] R at 105–07.

S.W.2d 415, 416 (Ky. 1997) (citing *Gross*, 648 S.W.2d at 856). Furthermore, CR 60.02(f) "may be invoked only under the most unusual circumstances[.]" *Howard v. Commonwealth*, 364 S.W.2d 809, 810 (Ky. 1963); *Cawood v. Cawood*, 329 S.W.2d 569 (Ky. 1959).

ANALYSIS

Lacer first argues that he should be entitled to relief from the order revoking his sentence because there was "an unreasonable amount of time" between the first court appearance following his arrest and the date set for his revocation hearing. Lacer was arrested for probation violation on June 21, 2023. His first court appearance following the arrest was on July 3, 2023. His revocation hearing occurred on October 9, 2023. However, Lacer fails to cite any authority which sets forth the time frame in which the lower court must hold a revocation hearing. Nor does he reference any prior appellate decision from Kentucky which indicates a delay of ninety days is unreasonable. Furthermore, Lacer fails to describe how he was prejudiced by any delay. Moreover, as evidenced by the video record and admitted to by Lacer in his brief, not only was Lacer being held in custody on the warrant for probation violation, but he was also being held on other matters which were also scheduled to be heard on October 9, 2023. Therefore, even if Lacer's revocation hearing was set for an earlier date and he was found not to have violated the terms of his probation, the result would not have

been his release from custody. Finally, "[a] new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999). At no time during the court proceedings did Lacer or his attorney request an earlier court date, nor did he complain of any delay in his motion for relief. Because "the trial court was not presented these additional arguments, nor given the opportunity to rule thereon, [this court] shall not consider them for the first time on appeal." *Applegate v. Commonwealth*, 577 S.W.3d 83, 88 (Ky. App. 2018).

Next, Lacer alleges the record "does not reflect any order extending [his] probation[.]" Appellant's Brief at 3. This is incorrect. The written record contains an order signed by the trial court on July 3, 2023, extending Lacer's probation until the alleged violation could be resolved.[8] The video record also reflects the Commonwealth requested entry of such an order on July 3, 2023.[9] This was done in the presence of Lacer and his counsel. Also, in the presence of Lacer and his counsel on July 3, 2023, the trial court verbally granted the Commonwealth's motion and announced the extension of Lacer's probation on the record.[10]

---

[8] R at 73.

[9] VR at July 3, 2023, 8:23:10–8:23:20.

[10] VR at July 3, 2023, 8:23:20–8:23:30.

Finally, Lacer seems to argue that, under KRS 533.020, the trial court lost jurisdiction to revoke his probation five years after probation was granted. This would have been in November of 2022. However, as the trial court indicated in its order denying Lacer's motion for relief, the termination of Lacer's period of probation was tolled upon the entry of a warrant against him for probation violation. The law on the matter is stated succinctly in *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 419 (Ky. 2014):

> The plain language of KRS 533.020(4) is clear. For a probationer to be "finally discharged" from probation, two condition precedents must be satisfied. First, there can be no pending warrant against the probationer. Secondly, the probation must not have been previously revoked. If one of these two conditions exists, then the probation will not automatically discharge by operation of law. Indeed, this Court very recently stated that the presence of either an active warrant or the previous revocation of one's probation will foreclose the probationer from being discharged and the period of probation will remain open. *Commonwealth v. Lee Andrew Wright*, 415 S.W.3d 606, 612 (Ky. 2013) (citing *Curtsinger v. Commonwealth*, 549 S.W.2d 515, 516 (Ky. 1977)).

Though Lacer's five-year probationary period was scheduled to end in November of 2022, that was no longer the case once the trial court issued a warrant for his arrest on August 23, 2022. "A warrant remains 'pending' until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation

hearing can be held." *Commonwealth v. Tapp*, 497 S.W.3d 239, 242 (Ky. 2016). This is commonly referred to as "tolling," however, the issuance of a warrant for a defendant who has absconded does not actually "toll" the probationary period. *See Commonwealth v. Ellery*, 713 S.W.3d 114, 119 (Ky. 2025) (In which the Kentucky Supreme Court declined to adopt the "fugitive tolling doctrine."). Nevertheless, Lacer was not eligible for an automatic discharge of his probation after the five-year period had expired, and, at his first court appearance on July 3, 2023, the circuit court properly extended his probation until the matter of his alleged probation violation could be resolved. When the matter of the probation violation came before the trial court, Lacer's probation was revoked after he waived a hearing and admitted to absconding and committing new felony offenses.[11] We find the circuit court did not abuse its discretion and the revocation of Lacer's probation was not an "illegal sentence."

We must note that in 2026, the Kentucky Legislature enacted House Bill (HB) 762 which will go into effect on July 15, 2026. Section 10 of HB 762 rewrote KRS 533.020(4). Under the revised statute, absconding will toll a defendant's probation period, and a judge is no longer required to enter an order extending a defendant's probation period at the defendant's initial court appearance following service of the warrant for absconding. Furthermore, the

---

[11] VR at October 9, 2023, at 11:10:15–11:11:44.

-8-

revisions to the law set forth a period of sixty days from that initial court appearance in which the court shall conduct the probation revocation hearing.

Therefore, as set forth above, the circuit court's denial of Appellant's motion to vacate, correct, or amend his sentence pursuant to CR 60.02 was not a flagrant miscarriage of justice and we AFFIRM the June 14, 2024 order of the Henderson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Trent Lacer, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky